IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03392-RBJ-KLM

PHILLIP DAVID HASKETT,

    Plaintiff,

v.

GARY WOODROW FLANDERS,
DOMINICK LUNA, Colorado Springs Police Department Officer, in his individual and official capacities, and
THE COLORADO SPRINGS POLICE DEPARTMENT, a Department of the City of Colorado Springs, Colorado,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Gary Woodrow Flanders' ("Flanders") **Motion to Dismiss First Amended Complaint for Insufficient Service of Process** [#35][1] (the "Motion"). Plaintiff filed a Response [#40] in opposition to the Motion, and Defendant Flanders filed a Reply [#41]. Thus, the Motion is ripe for review. The Court has reviewed the Motion, the Response, the Reply,[2] the entire docket, and the applicable law, and is

---

[1] "[#35]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this order.

[2] The Court notes that the Motion, the Response, and the Reply are all typed but are single-spaced, in violation of D.C.COLO.LCivR 10.1(e). Pursuant to that Rule, all pleadings must be double-spaced. **The parties are warned that failure to comply with this Local Rule in the future will result in the filings being stricken and not considered by the Court for any purpose.**

sufficiently advised in the premises. For the reasons set forth below, the Motion [#35] is **DENIED without prejudice**.

Both Plaintiff and Defendant Flanders proceed in this matter as pro se litigants.[3] Plaintiff initiated this lawsuit on December 16, 2013 with the filing of the Complaint [#1].[4] On February 2, 2014, a Return of Service [#19] by the United States Marshal was filed, stating that Defendant Flanders could not be located. On February 24, 2014, a Return of Service [#21] by the United States Marshal was filed, stating that Defendant Flanders had been personally served at a different address on February 20, 2014, thereby making his answer or other response due by March 13, 2014. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On March 3, 2014, Plaintiff filed a First Amended Complaint [#25] which was stricken by the Court the next day for failure to comply with Fed. R. Civ. P. 15(a)(2). *Minute Order* [#26]. On March 17, 2014, Plaintiff was permitted to file an Amended Complaint [#30]. *Order* [#29]. That same day, Defendant Flanders entered an appearance in this matter, filing a Joinder [#31] with the other Defendants' now-moot Motion to Dismiss [#14]. On March 31, 2014, Defendant Flanders filed the present Motion [#35] seeking dismissal for insufficient service of process.

The Court may dismiss a case pursuant to Rule 12(b)(5) for insufficient service of

---

[3] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[4] The detailed allegations underlying Plaintiff's lengthy history with and claims against Defendant Flanders are not pertinent to resolution of the present Motion. *See Am. Compl.* [#30].

process. A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D § 1353. In opposing a motion to dismiss for insufficient service of process, the plaintiff bears the burden of making a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant. *Allen v. United Properties & Const.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008). The Court may consider "affidavits and other documentary evidence" when examining the prima facie burden, and shall entitle the plaintiff "to the benefit of any factual doubt." *Id.* However, "[e]ffectuation of service is a precondition to suit . . ." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of service, a court lacks personal jurisdiction over the defendant. *Okla. Radio Associates v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). The plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

Pursuant to Fed. R. Civ. P. 4(e)(1), Plaintiff may effectuate service on an individual either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by following the requirements of Fed. R. Civ. P. 4(e)(2). Wright & Miller, Federal Practice and Procedure: Civil 3d § 1094, at 512 ("If Plaintiff chooses to follow one of the specific means of service set out in [Rule 4(e)(2)] and complies with the prescribed procedure for doing so, service is effective regardless of whether or not that mode of service is valid under the forum state's law.").

Fed. R. Civ. P. 4(e)(1) allows for service under Colorado law both because service

was attempted in Colorado and because Colorado is "the state where the district court is located." Rule 4(e) of the Colorado Rules of Civil Procedure permits, in relevant part, that service is allowed: ". . . at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process." C.R.C.P. 4(e)(1). Fed. R. Civ. P. 4(e)(2) states that service may also be accomplished by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Defendant Flanders does not take issue with service on him of the initial Complaint, but he makes several arguments with respect to service of Plaintiff's First Amended Complaint [#25] and Amended Complaint [#30]. First, he states that the First Amended Complaint [#25] was served on him "as a matter of course" under Fed. R. Civ. P. 15(a)(1), thereby making his answer or other responsive pleading due by March 17, 2014. *Motion* [#35] at 1. This is incorrect. Once the First Amended Complaint was stricken (which occurred the day of its filing, before Defendant Flanders had entered an appearance in this matter), it no longer had any bearing on this case, and Defendant Flanders was obligated instead to respond to the initial Complaint within the deadlines established by service of it on him.

Second, Defendant Flanders asserts that he was not served with the Amended Complaint [#30] after the Court accepted it for filing. *Motion* [#35] at 2. This appears to be

true. Under Rule 5(a)(1)(B), a pleading filed after the original complaint must be served on every party. Such a pleading may be served by mailing it to the person's last known address, in which event service is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). Here, Plaintiff mailed a copy of the Opposed Motion for Leave to File Amended Complaint [#27] and Proposed Amended Complaint [#27-1] to Defendant Flanders on March 10, 2014, *before* it was accepted for filing. *Motion* [#27] at 4. The motion was granted and the Amended Complaint was accepted by the Court for filing as of March 17, 2014.

Although Defendant Flanders entered an appearance later that day, he did so after the Amended Complaint was docketed, and therefore he did not receive any type of notice that the Amended Complaint had been filed. Under D.C.COLO.LCivR 15.1(b), "[u]nless otherwise ordered, if a motion for leave to amend a pleading is granted, the moving party shall file and serve the amended pleading on all parties under Fed. R. Civ. P. 5 no later than 14 days after the filing of the order granting leave to amend." There is no indication that Plaintiff separately served Defendant Flanders with the Amended Complaint in compliance with Fed. R. Civ. P. 5 *after* it was filed on the docket. *See Response* [#40] (stating that "although Flanders has not consented to service by email , . . . Plaintiff has twice served Flanders the amended complaint by . . . emails"). Moreover, there is no indication that service by email complies with Rule 5(a)(1)(B). Thus, the Court agrees with Defendant Flanders that he has not been properly served with the Amended Complaint [#30].

However, in ruling on the Motion to Dismiss, the Court considers several factors. First, these litigants are proceeding pro se. Second, the timing of the various filings in this matter has created confusion. Third, even were Defendant Flanders' Motion to Dismiss

granted, Plaintiff could immediately refile his lawsuit and endeavor to obtain proper service on Defendant Flanders.  *See Hagan v. Credit Union of Am.*, No. 11-1131-JTM, 2011 WL 6739595, at *3 (D. Kan. Dec. 22, 2011).  For these reasons, the Court is inclined to provide Plaintiff with an opportunity to correct the error and to properly serve Defendant Flanders with a copy of the Amended Complaint [#30] in compliance with Fed. R. Civ. P. 5.  *See* D.C.COLO.LCivR 15.1(b).  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#35] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the deadline by which Plaintiff shall serve Defendant Flanders with a copy of the Amended Complaint [#30] under Fed. R. Civ. P. 5 is extended to **August 4, 2014**.

Dated:  July 16, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge