IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03392-RBJ-KLM

PHILLIP DAVID HASKETT,

     Plaintiff,

v.

GARY WOODROW FLANDERS,
DOMINICK LUNA, Colorado Springs Police Department Officer, in his individual and official capacities, and
THE COLORADO SPRINGS POLICE DEPARTMENT, a Department of the City of Colorado Springs, Colorado,

     Defendants.

_____

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendant Gary Woodrow Flanders' ("Flanders")

**Motion to Dismiss First Amended Complaint [#30] Pursuant to Fed. R. Civ. P.**

**12(b)(2), (4), and (5) or in the Alternative to Strike Immaterial, Impertinent and**

**Scandalous Matter Pursuant to Fed. R. Civ. P. 12(f)** [#49][1] (the "Motion").  Plaintiff filed

a Response [#53] in opposition to the Motion, and Defendant Flanders filed a Reply [#54].

Thus, the Motion is ripe for review.  The Court has reviewed the Motion, the Response, the

Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises.

For the reasons set forth below, the Court **DENIES** the portion of the Motion brought

_____

[1]   "[#49]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this order.

pursuant to Fed. R. Civ. P. 12(f) and **RECOMMENDS** that the portion of the Motion brought

pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5) be **DENIED**.

Both Plaintiff and Defendant Flanders proceed in this matter as pro se litigants.[2]

Plaintiff initiated this lawsuit on December 16, 2013, with the filing of the Complaint [#1].[3]

On July 16, 2014, the Court ordered Plaintiff to re-serve Defendant Flanders with a copy

of the Amended Complaint [#30] no later than August 4, 2014.  *Order* [#48].  On August 1,

2014, Plaintiff filed a Certificate of Service [#50] indicating that he had served Defendant

Flanders with a copy of the Amended Complaint on July 18, 2014.   The Certificate of

Service was received by the Clerk's Office on Friday, August 1, 2014, and was filed on the

electronic docket on Monday, August 4, 2014 at 3:26 p.m.  On August 4, 2014, Defendant

Flanders' Motion [#49] was received by the Clerk's Office and filed on the electronic docket

at 1:05 p.m.  On August 7, 2014, Plaintiff filed an Amended Certificate of Service [#52],

which is materially identical to the original Certificate of Service [#50], except that Plaintiff

complied with the double-spacing requirement of Local Rule 10.1(e) in the amended

document.

The Court first addresses the portion of the Motion [#49] asserted under Fed. R. Civ.

P. 12(b)(2), 12(b)(4), and 12(b)(5).  Defendant Flanders argues:

---

[2]   The Court must construe liberally the filings of a pro se litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3]   The detailed allegations underlying Plaintiff's lengthy history with and claims against Defendant Flanders are not pertinent to resolution of the present Motion.  *See Am. Compl.* [#30].

> Service of Process is not complete and jurisdiction established until Proof of Service is filed with the court.  There is no copy of the Amended Complaint existing in the court docket with an Affidavit of Service attached, nor is there an independent affidavit regarding service of an Amended Complaint [#30] having been made upon Flanders.  Haskett has not complied with either this Court's ORDER or the Federal Rules of Civil Procedure, and therefore, this case must be dismissed for the lack of *in personam* jurisdiction, insufficient process, and insufficient service of process.

*Motion* [#49] at 2.  In the Reply [#54], Defendant Flanders concedes that a Certificate of Service is on the docket in connection with the Amended Complaint.  He argues, however, that this is insufficient under Fed. R. Civ. P. 5(d)(1) because (1) Plaintiff failed to attach a certificate of service to the First Amended Complaint served on Defendant Flanders, (2) Plaintiff did not attach a copy of the Amended Complaint to the Amended Certificate of Service filed on the docket, and (3) Plaintiff did not file the initial or the Amended Certificate of Service within a reasonable time after service.  *Reply* [#54] at 1-2.

Fed. R. Civ. P. 5(d)(1) provides in relevant part: "Any paper after the complaint that is required to be served—together with a certificate of service—must be filed within a reasonable time after service."  Regarding Defendant Flanders' first argument, there is no requirement under Rule 5 that Plaintiff attach a certificate of service to any document directly served on Defendant Flanders.  *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258-59 (11th Cir. 2011) ("Under the Federal Rule, a party need not certify service until the time of filing, which occurs after service to the other parties.").  Rule 5 *only* requires that a certificate of service be filed with the Court.

Regarding Defendant Flanders' second argument, there is no requirement that the document served and the certificate of service be filed at the same time on the electronic docket in order to properly effect service.  In fact, there is no firm requirement that a

certificate of service be filed at all in order for the Court to find that service was effective:

> Although the word "require" connotes that the filing of the certificate is mandatory, the rest of the Advisory Committee Note indicates that the purpose of the requirement is to aid the district court by creating a standard method of proof that service was made; there is no indication that the amendment was meant to remove completely a district court's discretion to find that service has been made when a party fails to file a certificate. The Advisory Committee Note states: "Having such information on file may be useful for many purposes, including proof of service if an issue arises concerning the effectiveness of the service. The certificate will generally specify the date as well as the manner of service...."

*Russell v. City of Milwaukee*, 338 F.3d 662 (7th Cir. 2003) (holding that "a certificate of service might not be necessary where service was not otherwise contested or where there was proof that it had been accomplished . . . .").

Regarding Defendant Flanders' third argument, the Court finds that Plaintiff's filing of the original Certificate of Service within two weeks of serving Defendant Flanders, and an amended version one week later, is not unreasonable.  "The federal courts have liberally construed the words 'reasonable time' in order to minimize the incidence of technical objections that a paper, although served in ample time, was not filed under Rule 5(d) at the proper time."  4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1152 (3d ed. 2002); *see In re Autohop Litig.*, No. 12-CV-4155 (LTS)(KNF), 2014 WL 4435868, at *1 (S.D.N.Y. July 10, 2014) (holding that two months after service was an unreasonable amount of time).

The Court notes that Defendant Flanders does not argue that he was not otherwise properly served with the Amended Complaint.  He merely argues that the Court lacks personal jurisdiction over him and that service was improper based on issues related to filing of the Certificate of Service.  This argument is frivolous, as there is no legal authority

connecting the filing requirements to the propriety of personal service.  A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D § 1353.  Defendant Flanders, while purportedly asserting the Motion at least partially under Fed. R. Civ. P. 12(b)(5), does not challenge the mode or lack of delivery of the summons and Amended Complaint here.  Even if Plaintiff had not complied with Fed. R. Civ. P. 5(d)(1), every minor infraction of the Federal Rules of Civil Procedure does not mandate or justify dismissal of an action.  **Defendant Flanders is warned that the filing of frivolous motions in the future may be grounds for sanctions.**

The Court next turns to the portion of Defendant Flanders' Motion seeking to strike portions of the Amended Complaint under Fed. R. Civ. P. 12(f).  Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri–State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler–Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993)); *see also RTC v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994) (stating that Rule 12(f)'s purpose "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial").  However, motions to strike are disfavored and will only be granted under the rarest of circumstances. *Sierra Club*, 173 F.R.D. at 285.  As such, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008).  Further, "[e]ven where the

challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club*, 173 F.R.D. at 285.  Moreover, regardless of whether the moving party has met its burden to prove that allegations contained in a pleading violate Rule 12(f), discretion remains with the Court to grant or deny the motion.  *See* Fed. R. Civ. P. 12(f) (denoting only that allegations which are subject to Rule 12(f) "may" be stricken).

Here, Defendant Flanders does not meet his heavy burden.  The Court has reviewed the portions of the Amended Complaint to which he refers.  *See Motion* [#49] at 4 (citing *Am. Compl.* [#30] ¶¶ 12, 13, 29, 32, 45, 65, 71, 72, 74, 75, 81, 82, 100).  Defendant Flanders fails to state with any specificity why these particular paragraphs should be stricken.  He argues generally that these paragraphs are "not relevant to any pleaded claim, are scandalous, and are designed to reflect cruelly on Flanders' moral character; they are repeated constantly as Plaintiff recklessly levels pernicious and degrading, prejudicial allegations against Mr. Flanders without a scintilla of evidence."  *Motion* [#49] at 4.  The Court finds that Defendant Flanders has grossly overstated Plaintiff's allegations. While the allegations may not be flattering to Defendant Flanders, such is the nature of many lawsuits, and, absent abuse, Plaintiff is permitted to make factual *allegations* in support of his claims.  Finally, Defendant Flanders fails to allege with any specificity that he will suffer prejudice if the portions of the Amended Complaint he identifies are not stricken.  Accordingly,

IT IS HEREBY **ORDERED** that the portion of the Motion brought pursuant to Fed. R. Civ. P. 12(f) is **DENIED**.

IT IS FURTHER **RECOMMENDED** that the portion of the Motion brought pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5) be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  October 24, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

-7-