IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-03392-RBJ-KLM

PHILLIP DAVID HASKETT,

    Plaintiff,

v.

GARY WOODROW FLANDERS,
COLORADO SPRINGS POLICE DEPARTMENT OFFICER DOMINICK LUNA,
both personally and in his official capacity, and,
THE COLORADO SPRINGS POLICE DEPARTMENT, A DEPARTMENT OF THE CITY OF
COLORADO SPRINGS, COLORADO,

    Defendants.

## ORDER

This matter comes before the Court on Defendant Flanders' Motion for Leave to File a Joinder in City Defendants' Motion to Dismiss Amended Complaint [ECF No. 61].

### PROCEDURAL POSTURE

The plaintiff, Mr. Haskett, filed his original complaint on December 12, 2013 [ECF No. 1] and subsequently filed an amended complaint on February 24, 2014 [ECF No. 30]. On April 4, 2014 Defendant Flanders filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5), or in the alternative to strike certain portions of the complaint under Fed. R. Civ. P. 12(f) [ECF No. 37]. On August 4, 2014 Defendants Colorado Springs Police Department and Colorado Springs Police Department Officer Dominick Luna (the "City Defendants") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Court referred

both motions to Magistrate Judge Mix [ECF Nos. 38 & 51]. With respect to Mr. Flanders' motion, Judge Mix ordered that the motion to strike be denied and recommended that the motion to dismiss be denied [ECF No. 60]. Judge Mix has not yet filed a recommendation with respect to the City Defendants' motion. Mr. Flanders did not object to Judge Mix's recommendation that his motion be denied, and the Court recently affirmed and adopted Judge Mix's recommendation in its entirety [ECF No. 62].

## ANALYSIS

In the present motion, Mr. Flanders asks for leave to file a joinder in the City Defendants' motion to dismiss, arguing that because three of the plaintiff's claims are made jointly against Mr. Flanders and the City Defendants, a decision in favor of the City Defendants would be applicable to Mr. Flanders as well. [ECF No. 61 ¶ 5]. Such is not necessarily the case. Some of the City Defendants' arguments in favor of dismissal apply only to state actors; for example, the doctrine of qualified immunity applies to Officer Luna but not to Mr. Flanders. If a claim is dismissed against Officer Luna on the grounds of qualified immunity, the claim against Mr. Flanders will still remain. On the other hand, some arguments may lead to a complete dismissal of one or more of the claims for insufficient pleading. For example, the City Defendants argue that the § 1983 claim for malicious prosecution must be dismissed because no seizure occurred, which they contend is a required element of the claim. [ECF No. 37 at 9]. If the Court finds that dismissal is warranted on these grounds the entire claim will be dismissed. Such a ruling will apply to Mr. Flanders by default.

Mr. Flanders has not persuaded this Court that any ruling in favor of the City Defendants would necessarily apply to him. Therefore, his motion is DENIED.

DATED this 24th day of November, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge