IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-03392-RBJ-KLM

PHILLIP DAVID HASKETT,

    Plaintiff,

v.

GARY WOODROW FLANDERS,
COLORADO SPRINGS POLICE DEPARTMENT OFFICER DOMINICK LUNA,
both personally and in his official capacity, and,
THE COLORADO SPRINGS POLICE DEPARTMENT, A DEPARTMENT OF THE CITY OF COLORADO SPRINGS, COLORADO,

    Defendants.

---

ORDER

---

This matter is before the Court on the December 12, 2014 Recommendation of Magistrate Judge Kristen L. Mix [ECF No. 66]. The Recommendation addresses defendants Colorado Springs Police Department's and Officer Dominick Luna's (the "City Defendants") Motion to Dismiss Amended Complaint [ECF No. 37]. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard,

when neither party objects to those findings.")).

On December 16, 2014 the plaintiff, Mr. Haskett, filed a response wherein he declined to object to the Recommendation and explicitly waived his right to *de novo* review of it. [ECF No. 67 at 1]. He limited his waiver to the claims against the City Defendants, requesting that the Court issue a scheduling order with respect to his remaining claims against Defendant Flanders. However, Judge Mix did not limit her recommendation to only those claims against the City Defendants. She also recommended that two of the claims against Mr. Flanders be dismissed pursuant to the Court's power under 28 U.S.C. § 1915(e)(2). In particular, she recommended that Claims Four and Five, which were pled against all defendants, be dismissed for failure to state a claim upon which relief can be granted. Because the basis for dismissing those claims is their insufficient pleading – as opposed to the identity of the respective defendants – Mr. Haskett's waiver of *de novo* review applies equally to all defendants.

The Court has reviewed the motion as well as all relevant filings in the docket. Based on this review, the Court concludes that Judge Mix's analyses and recommendations are correct, and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Therefore, the Court ADOPTS the Recommendation as the findings and conclusions of this Court.

Accordingly, it is ORDERED that the Recommendation of United States Magistrate Judge [ECF No. 66] is AFFIRMED and ADOPTED. The City Defendants' Motion to Dismiss [ECF No. 37] is GRANTED. Claims Four, Five, and Six are hereby DISMISSED WITH PREJUDICE as against all defendants.[1] Claim Three is DISMISSED WITH PREJUDICE as against Officer Luna.

---

[1] Judge Mix recommended that Mr. Haskett's claim of civil conspiracy under 42 U.S.C. § 1985(3) be dismissed with prejudice as against the City of Colorado Springs and Mr. Flanders, but without prejudice

Claims One, Two, and Three remain against Defendant Flanders. If the plaintiff intends to continue to pursue those claims, the parties should jointly contact Chambers by conference call (303 -844-4694) no later than January 30, 2015 to set a scheduling conference.

DATED this 8th day of January, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

---

as against Officer Luna. However, because the Court adopts the recommendation that this claim be dismissed with prejudice against all but one defendant, it must likewise dismiss the claim with prejudice against the remaining defendant. At a minimum, a civil conspiracy claim requires the plaintiff to allege that *two or more* defendants came to an agreement and acted in concert. *See Tilton v. Richardson*, 6 F.3d 683, 685–86 (10th Cir. 1993) (quoting 42 U.S.C. § 1985(3)). Such a claim cannot move forward against only one defendant.

3