IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03392-RBJ-KLM

PHILLIP DAVID HASKETT,

    Plaintiff,

v.

GARY WOODROW FLANDERS,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Protective Order** [#78],[1] on Plaintiff's **Motion to Designate Deposition Location Pursuant to D.C.COLO.LCivR 30.3 (c)** [#85], and on Plaintiff's **Rule 37 Motion to Compel Discovery and Deposition** [#88]. Responses [#85, #97] and Replies [#87, #90] have been filed by the respective parties. The parties are jointly disputing the location at which Plaintiff may take Defendant's deposition. *Motions* [#78, #85, #88]. Plaintiff also seeks to compel more complete responses from Defendant with respect to written discovery requests. *Motion* [#88].

Plaintiff seeks an order allowing him to take Defendant's deposition in Denver, Colorado, at the Alfred A. Arraj United States Courthouse. Local Rule 30.3(c) authorizes a deposition to be taken at the courthouse only when deposition abuse is anticipated.

---

[1] "[#78]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

D.C.COLO.LCivR 30.3(c) ("If deposition abuse is anticipated, a judicial officer may order that a deposition be taken at the courthouse . . . so that, at the request of any party . . . , a dispute may be heard and decided immediately by a judicial officer . . . ."). In support of his argument that abuse is anticipated, Plaintiff provides a temporary restraining order ("TRO") against Defendant. *See* [#85-3]. However, this TRO does not involve Plaintiff and, further, is more than three years old. *See id.* Accordingly, it does not provide sufficient evidence that deposition abuse is anticipated now.

However, Defendant's medical issues do not appear to justify his refusal to travel either. The medical issue of which he complains was diagnosed on April 17, 2015. *See* [#78] at 12. At that time, he was directed to return to the clinic in "1 week if not better." *Id.* His prescriptions are dated April 17, 20, and 25, 2015. *See id.* at 13. His Motion for Protective Order [#78] was filed on May 8, 2015, and he has not supplied any updated medical information since that time.

Although it was three years ago, Defendant was served the TRO in Colorado Springs. [#85-3] at 9. Plaintiff is proceeding in forma pauperis in this lawsuit. *See* [#5]. The incident underlying Plaintiff's claims as alleged in the Amended Complaint [#30] occurred in Colorado Springs. Based on these considerations, pursuant to Fed. R. Civ. P. 26(c)(1)(B),

IT IS HEREBY **ORDERED** that Defendant's Motion for Protective Order [#78] is **DENIED** and Plaintiff's Motion to Designate Deposition Location Pursuant to D.C.COLO.LCivR 30.3 (c) [#85] is **DENIED**. Defendant shall sit for his deposition at a location of Plaintiff's choice within the City of Colorado Springs within 30 days of this Order.

IT IS FURTHER **ORDERED** that Plaintiff's Rule 37 Motion to Compel Discovery and Deposition [#88] is **DENIED without prejudice**. Plaintiff shall seek to obtain the information at issue in this motion during his deposition of Defendant. If he is unable to obtain the information at the deposition, he may refile the Motion to Compel.

IT IS FURTHER **ORDERED** sua sponte that the discovery deadline is extended to **July 13, 2015** for the **sole purpose of allowing Plaintiff to take the deposition of Defendant**.

Dated: June 11, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge