IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-03392-RBJ-KLM

PHILLIP DAVID HASKETT,

    Plaintiff,

v.

GARY WOODROW FLANDERS,

    Defendant.

---

# ORDER

---

On August 17 and 18, 2015 this Court, without a jury, tried the remaining claims in this case. On September 10, 2015 the Court entered written findings, conclusions and an order of judgment. The Court directed that judgment enter in favor of the plaintiff, Mr. Haskett, and against the defendant, Mr. Flanders and awarded damages to Mr. Haskett in the amount of $1,500.00 on his First Claim for Relief. His Second and Third Claims were dismissed. The Court also awarded Mr. Haskett, as the prevailing party, costs pursuant to Fed. R. Civ. P. 54(d)(1), to be taxed by the Clerk of Court pursuant to Local Rule 54.1. ECF No. 136. A Final Judgment consistent with that direction was entered on the same day. ECF No. 137. The Clerk subsequently taxed costs in the amount of $2,241.10. ECF No. 145.

On November 6, 2015 Mr. Flanders filed what he called a motion for relief from judgment under Rule 60(b)(6). ECF No. 153. The substance of the motion was his claim that he wanted to pay the full amount of the judgment ($3,741.10), plus any applicable interest, in exchange for a satisfaction of judgment, but that Mr. Haskett would not take his calls and was

accusing him of harassment. Therefore, he requested the Court's permission to tender the $3,741.10 (plus interest) to the registry of the Court; then to have the Court direct the Clerk to "mark the $3,741.10 judgement against Flanders "SATISFIED;" and finally to hold the funds until Mr. Haskett claimed them. He also suggested that the Clerk might wish to deduct $1,547.65 from the amount before remitting any funds to Mr. Haskett in order to cover the jury costs imposed by the Court against Mr. Haskett but which remains unpaid.

Mr. Haskett opposes the motion. ECF No. 159. First, he claims that Mr. Flanders failed to comply with Local Rule 7.1A, requiring parties to confer before filing non-dispositive motions. However, since Mr. Flanders did attempt to confer (meaning to talk, not to exchange unpleasant emails), but Mr. Haskett would not talk to him, it is Mr. Haskett, not Mr. Flanders, who has failed to comply with the rule. Second, Mr. Haskett opposes the motion, because he fears that accepting the benefits of the judgment might cut off his right to appeal from the judgment. He states that he would accept the money in order to terminate the accrual of interest on condition that it not be construed as a satisfaction of judgment, or alternatively, that he could use the funds to purchase transcripts of a pretrial hearing and the trial for his use on appeal.[1]

The Court grants Mr. Flanders' motion in part. He may pay the $3,741.10 plus interest into the court registry. The interest is negligible. The Court did not award pre-judgment interest. *See, e.g., Morrison Knudson Corp. v. Ground Improvement Techniques, Inc.,* 532 F.3d 1062, 1073 (10th Cir. 2008) ("An award of prejudgment interest is within the district court's discretion.") (quoting *Resolution Trust Corp. v. Federal Savings and Loan Ins. Corp.,* 25 F.3d 1493, 1505 (10th Cir. 1994)). However, Mr. Haskett is entitled to post-judgment interest. 28

---

[1] Mr. Haskett filed a notice of appeal on the same day as the Flanders motion, and apparently asked the Tenth Circuit to rule on Mr. Flanders' Rule 60(b) motion, but the Circuit declined to do so. ECF No. 161.

U.S.C. § 1961(a)("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

Post-judgment interest is computed daily to the date of payment. The current daily rate is $0.04 per day. Mr. Flanders apparently attempted to pay the judgment sometime before November 2, 2015, as even Mr. Haskett seems to admit. *See* ECF No. 159 at 6. In any event, it is clear that he was prepared to pay the amount of the judgment plus interest into the Court's registry as of November 6, 2015 when he filed the pending motion requesting leave to do so. The Court deems November 6, 2015 to be the date of payment for this purpose. Therefore, assuming that Mr. Flanders does now deposit the amount of the judgment with the court, as he has indicated he wished to do, the amount of post-judgment interest owed by Mr. Flanders is $2.28 ($0.04 per day from September 11, 2015 through November 6, 2015).

If Mr. Flanders deposits $3,743.38 (the judgment amount including costs and interest) with the court, the court will hold the funds consistent with the requirements of Rule 67 of the Federal Rules. Per Local Rule 67.2(a), on depositing the funds, he should reference in writing the docket entry in the court's Electronic Case Filing system assigned to this order authorizing the deposit. If Mr. Haskett decides to terminate the litigation, the Court will disburse the funds to him and order that the judgment has been satisfied. If not, the Court will hold the funds and await further directions, if any, from the court of appeals.

The Court will not, absent Mr. Haskett's permission, deduct the jury costs assessed against him from the funds deposited by Mr. Flanders. However, the Court expects Mr. Haskett to comply with the order to pay the amount assessed. If he does not comply with that court order, the Court will pursue an appropriate remedy.

DATED this 9th day of December, 2015.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge

4